SUCKLEY (HITNER v.). See Case No. 6,543.

---

## Case No. 13,587.

### SUCKLEY v. SLADE.

[5 Cranch, C. C. 123.] 1

Circuit Court, District of Columbia. March Term, 1837.

#### PLEADING AT LAW—PLEAS.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

Mr. Jones, in reply, cited the statute of limitations of 1715 (chapter 23, § 6), that no bond shall be good or pleadable if it be of twelve years' standing. Carroll v. Waring, 3 Gill & J. 491, 499; Piatt v. Vattier, 9 Pet. [34 U. S.] 415.

[See Case No. 13,588.]

---

## Case No. 13,588.

### SUCKLEY v. SLADE.

[5 Cranch, C. C. 617.] 1

Circuit Court, District of Columbia. Nov. Term, 1839.

#### LIMITATION OF ACTION—"BEYOND SEAS."

A person in Alexandria county, D. C., is not "beyond seas," within the meaning of the act of limitations, in regard to persons residing in Washington county. The residence of the defendant in Alexandria county may, therefore, be added to his residence in Washington county, so as to enable him to plead, in Washington, the Maryland statute of limitations of "twelve years' standing," to a bond.

Debt [by George Suckley against Henry C. Slade] on a bond in the penalty of $9,794, dated 18th of April, 1820, conditioned to be void upon the defendant's paying to the plaintiff one-third of the debt due by the defendant's father to the plaintiff if he himself should not pay the whole debt on or before the 1st of January, 1822.

A verdict was taken for the plaintiff, subject to the opinion of the court, upon the following state of the case: On the trial of this cause it was agreed that the following state of facts be submitted to the court as if found by the jury in the shape of a special verdict. The contract upon which the suit is brought is as set forth on oyer. It was executed, at the time it bears date, in Alexandria county, D. C. That at said date, and from that time to the institution of this suit, the plaintiff resided in, and was a citizen of, the state and city of New York. That from the date of said contract, and until the year 1824 or 1825, the defendant was a resident of Alex-

---

1 [Reported by Hon. William Cranch, Chief Judge.]

andria. In 1824 or 1825 he removed to Fairfax county, in Virginia, where he resided until 1829 or 1830, when he removed to the county of Washington, where he has since resided. That while the defendant so resided in Alexandria and Virginia, he was in the habit of occasionally visiting the county of Washington during each year. That the plaintiff was in the habit of visiting the District of Columbia once or twice a year, spring or fall, from 1818 to 1824, on business, and remaining, at each visit, in said district for several days, part of which he spent in the county of Washington, and the residue in the county of Alexandria. In particular, that in April and September, 1822, he so came into the said district, and both of said counties, and continued in the said district several consecutive days, and in Alexandria from the 5th to the 9th of April, 1822. And if upon such state of facts the court shall be of opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff; and, if for the defendant, then judgment for the defendant.

The question submitted was, whether, under the circumstances so stated, the plea of the act of limitations of Maryland, 1715, c. 23, § 6, "that the debt" was "above twelve years' standing," was a good defence to this action.

R. S. Coxe, for plaintiff, contended that the condition of the bond was for a continuing guaranty, and, therefore, the statute of limitations did not apply to the case; and that it was incumbent on the defendant to show that he had resided in Washington county the whole twelve years. That Alexandria county, being governed by a different code of laws, was to be considered as foreign to Washington county. That the defendant, while residing in Alexandria county, is to be considered as "absent out of this province," (within the meaning and true construction of the Maryland act of November, 1765, c. 12, § 2,) when the cause of action accrued, and that he could not be considered as present in the province, within the third section of that act, until he came into the county of Washington.

R. J. Brent, for defendant, cited the case of Bank of Alexandria v. Dyer [Case No. 847], in this court, at March term, 1838, in which this court decided that Alexandria county was not "beyond seas," within the true construction of the Maryland act of limitations, which decision has been since affirmed by the supreme court, in the same case (14 Pet. [39 U. S.] 141).

[See Case No. 13,587.]

THE COURT (MORSELL, Circuit Judge contra) rendered judgment for the defendant, upon the case stated, being of opinion that the time of the defendant's residence in Alexandria may be added to his residence in Washington, so as to give him the benefit of the Maryland statute of twelve years' limitation.